FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 0 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '10 - CV - 01341 BNB

(The above civil action number must appear on all future papers
sent to the Court in this action. Failure to include this number
may result in a delay in the consideration of your claims.)

JOHN MOORE,

    Plaintiff,

v.

STATE OF COLORADO DEPARTMENT OF HEALTH AND HUMAN SERVICES, and STATE DEPARTMENT,

    Defendants.

---

### ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DIRECTING PLAINTIFF TO CURE DEFICIENCY AND TO SHOW CAUSE

---

Plaintiff, John Moore, submitted *pro se* a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and an incomplete complaint. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has determined that the submitted documents are deficient as described in this order. Notwithstanding the deficiencies, the clerk of the Court will be directed to commence a civil action. Mr. Moore will be directed to cure the following if he wishes to pursue his claims. Any papers Mr. Moore files in response to this order must include the civil action number on this order.

**Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915:**
(1) ___ is not submitted
(2) ___ is not on proper form (must use the Court's current form)
(3) ___ is missing original signature by Plaintiff
(4) ___ is missing affidavit

(5) ___ affidavit is incomplete
(6) ___ affidavit is not notarized or is not properly notarized
(7) ___ names in caption do not match names in caption of complaint, petition or application
(8) ___ An original and a copy have not been received by the Court. Only an original has been received.
(9) ___ other: _____.

**Complaint or Petition:**
(10) ___ is not submitted
(11) ___ is not on proper form (must use the Court's current form)
(12) _X_ is missing an original signature by Plaintiff
(13) _X_ is incomplete  (Only page 1 of the Court's 6-page complaint form was submitted.)
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ An original and a copy have not been received by the Court. Only an original has been received.
(16) ___ Sufficient copies to serve each defendant/respondent have not been received by the Court.
(17) ___ names in caption do not match names in text
(18) ___ other _____

The Court must construe Mr. Moore's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Moore also will be ordered to show cause why filing restrictions should not be imposed against him for his repetitive and abusive filings.

Although the complaint Mr. Moore filed in the instant action is incomplete, it is clear that Mr. Moore is again complaining about the allegedly wrongful death of his mother, Dorothy Moore. The Court has drawn from previous dismissal orders in Mr. Moore's cases for the factual summary and legal analysis below. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a

matter of public record." ***Van Woudenberg ex rel. Foor v. Gibson***, 211 F.3d 560, 568 (10th Cir.2000), ***abrogated on other grounds by McGregor v. Gibson***, 248 F.3d 946, 955 (10th Cir. 2001).

This is one of sixteen civil actions Mr. Moore has initiated in this Court since February 2010 concerning his mother's death:

> 1. ***Moore v. Jahani***, No. 10-cv-00425-ZLW (D. Colo. Apr. 20, 2010) (dismissed without prejudice for Plaintiff's failure to file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8 and for his failure to show cause why he should not be sanctioned by the dismissal of the instant lawsuit for his deceit in creating a fictitious court order, affixing a judge's signature to it, and tendering it to the Court), ***appeal filed***, No. 10-1213 (10th Cir. May 11, 2010).
>
> 2. ***Moore v. State of Colorado***, No. 10-cv-00426-ZLW (D. Colo. Apr. 22, 2010) (dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8), ***appeal filed***, No. 10-1204 (10th Cir. May 10, 2010).
>
> 3. ***Moore v. Cedaredge Mercantile***, No. 10-cv-00427-ZLW (D. Colo. Mar. 4, 2010) (voluntary dismissal).
>
> 4. ***Moore v. Jahani***, No. 10-cv-00428-ZLW (D. Colo. Mar. 12, 2010) (summarily remanded to state court), ***appeal dismissed for lack of jurisdiction***, No. 10-1207 (10th Cir. May 26, 2010).
>
> 5. ***Moore v. Glaxco Smithkline***, No. 10-cv-00429-ZLW (D. Colo. Mar. 25, 2010) (summarily remanded to state court), ***appeal filed***, No. 10-1237 (10th Cir. June 1, 2010).
>
> 6. ***Moore v. Donar Alliance***, No. 10-cv-00520-ZLW (D. Colo. Mar. 22, 2010) (summarily remanded to state court).
>
> 7. ***Moore v. Glaxco Smithkline***, No. 10-cv-00759-ZLW (D. Colo. May 10, 2010) (dismissed without prejudice for failure to cure and for failure to prosecute).
>
> 8. ***Moore v. State Dep't of Human Servs.***, No. 10-cv-01017-ZLW (D. Colo. May 17, 2010 (voluntary dismissal).

9.   *Moore v. Delta County Hospital*, 10-cv-01018-ZLW (D. Colo. May 18, 2010) (voluntary dismissal), *appeal filed*, No. 10-1222 (10th Cir. May 21, 2010).

10.   *Moore v. Department of Health & Human Servs.*, No. 10-cv-01083-BNB (D. Colo. filed May 10, 2010) (pending).

11.   *Moore v. Purdue*, No. 10-cv-01084-BNB (D. Colo. filed May 10, 2010) (pending).

12.   *Moore v. Teva Specialty Pharmaceuticals L.L.C.*, No. 10-cv-01100-BNB (D. Colo. filed May 10, 2010) (pending).

13.   *Moore v. Delta County Police Dep't*, No. 10-cv-01288-BNB (D. Colo. filed June 3, 2010) (pending).

14.   *Moore v. State of Colorado Dep't of Health & Human Servs.*, No docket number yet assigned (D. Colo. received June 1, 2010).

15.   *Moore v. Delta County Hospital*, No docket number yet assigned (D. Colo. received June 1, 2010).

16.   *Moore v. Delta County District Attorney Office*, No docket number yet assigned (D. Colo. received June 2, 2010).

In at least one of these actions, Mr. Moore failed to cure the designated deficiencies and failed to prosecute. *See* 10-cv-00759-ZLW. At least three actions have deficient complaints which he has been ordered to cure. *See* cases not yet assigned docket numbers listed above as 14, 15, and 16. Three actions have been summarily remanded for Mr. Moore's failed attempts, as a Plaintiff, to remove them from state court. *See* Nos. 10-cv-00428-ZLW, 10-cv-00429-ZLW, and 10-cv-00520-ZLW. In two actions, he has been unable to file a complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* No.10-cv-00425-ZLW and 10-cv-00426-ZLW. One of those actions also was dismissed for his deceit in creating a fictitious court order, affixing a judge's signature to it, and tendering

4

it to the Court. *See* No. 10-cv-00425-ZLW. He voluntarily dismissed three cases, *see* Nos. 10-cv-00427-ZLW, 10-cv-01017-ZLW, and 10-cv-01018-ZLW, and then appealed from the voluntary dismissal in one of them. *See* No. 10-cv-01018-ZLW.

Despite the Court's repeated efforts to allow Mr. Moore to cure deficiencies and defects in his filings, he is unable to represent himself properly. While the Court is sympathetic about the death of Mr. Moore's mother, the Court will not tolerate abuse of its limited judicial resources by *pro se* litigants. Mr. Moore was warned in Nos. 10-cv-00425-ZLW and 10-cv-00426, and is again warned here, that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam).

[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 U.S. 1070, 1077 (10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal

5

contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies])." In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. ***White v. Gen. Motors Corp.***, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See **Ketchum v. Cruz***, 961 F.2d 916, 921 (10th Cir. 1992); ***Winslow v. Romer***, 759 F. Supp. 670, 677-78 (D. Colo. 1991); ***Colorado ex rel. Colo. Judicial Dep't v. Fleming***, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See **Tripati***, 878 F.2d at 354. Therefore, Mr. Moore will be ordered to show cause why filing restrictions should not be imposed against him for his repetitive and abusive filings.

If the Court finds that Mr. Moore's abusive history of filing actions demonstrates that imposition of filing restrictions is appropriate, the Court will prohibit Mr. Moore from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Moore will be directed to take the following steps:

1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the

following information:

   A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

   B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Finally, as noted above, Mr. Moore must be given an opportunity to oppose imposition of these filing restrictions before they may be implemented. Therefore, Mr. Moore will be directed to show cause why the filing restrictions discussed in this order should not be imposed. If Mr. Moore fails to show good cause within the time allowed, the filing restrictions will be imposed.

Accordingly, it is

ORDERED that the clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that Plaintiff, John Moore, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Mr. Moore files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Moore, together with a copy of this order, a copy of the following form to be used in submitting an amended complaint: Complaint. It is

FURTHER ORDERED that the amended complaint Mr. Moore is being directed to file shall be titled "Amended Complaint" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that, if Mr. Moore fails to cure the designated deficiencies as directed **within thirty (30) days from the date of this order**, the complaint and the action will be dismissed without further notice. The dismissal shall be without prejudice. It is

FURTHER ORDERED that Mr. Moore show cause **within thirty (30) days from the date of this order** why filing restrictions should not be imposed against him for his repetitive and abusive filings. It is

FURTHER ORDERED that, if Mr. Moore fails to show cause within the time allowed, the filing restrictions will be imposed whether or not he cures the designated deficiencies.

DATED June 10, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 10-CV-01341

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 6/10/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk